UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER ALAN BERMAN,

        Plaintiff,

v.

                                                  Case No. 3:16-cv-384-J-39JBT

LIBERTY MUTUAL INSURANCE
COMPANY and LIBERTY MUTUAL
FIRE INSURANCE COMPANY,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Liberty Mutual Fire Insurance

Company's Motion for Reconsideration or, in the alternative, Motion to Certify the

Judgment for Immediate Appellate Review (Doc. 77; Motion), and Plaintiff's Response

in Opposition (Doc. 79).[1]

The Motion follows the Court's entry of summary judgment in Plaintiff's favor

regarding the existence of underinsured motorist coverage pursuant to a policy Liberty

Mutual issued to Plaintiff's employer, Asbury. (Doc. 75 at 10).[2] Liberty Mutual claims the

Court erred in its legal analysis and that Court's prior Order "compel an absurd result."

Motion at 8. Liberty Mutual cites to both Rule 60 and Rule 59 of the Federal Rules of

---

[1] Despite Liberty Mutual's prior notice that it intends to file a motion for the dismissal of Defendant Liberty Mutual Insurance Company, no such motion has been filed with the Court.

[2] Though the Court's Order determined Liberty Mutual provided UM coverage to Plaintiff's employer at the time of the accident, there are still pending claims, including the amount of damages, if any, Plaintiff suffered from the accident.

Civil Procedure as the procedural mechanisms for reconsideration. Rule 60 allows a court to relieve a party from an order because of mistake, inadvertence, surprise, excusable neglect, or for any other reason that justifies relief. Rule 59(e) also allows the Court to relieve a party from an order, but it must be made within twenty-eight days after the entry of judgment. The functions of both Rule 60 and Rule 59 are similar insomuch as they "provide a mechanism for those situations in which relief must be obtained after judgment." Brown v. Spells, No. 7:11-CV-91 HL, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011) (quoting Charles Alan Wright et al., § 1489 Amendments with Leave of Court—Amendments after Judgment and Appeal, 6 Fed. Prac. & Proc. Civ. § 1489 (3d ed.)).

Rule 54 applies to any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54 (b). The Eleventh Circuit explained that a court does not commit an error by applying the same standard utilized for reviewing a motion for reconsideration of a final order or judgment to a non-final order. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993) ("We see no reason to apply a different standard when the party seeks reconsideration of a non-final order."). The Court only resolved the portion of this case relating to the existence of UM coverage and the issues of causation and damages remain outstanding. Accordingly, it appears that Rule 54 may be the most appropriate vehicle through the Court conducts its review. Nevertheless, for purposes of resolving the instant Motion, Rules 54, 59, and 60 lead to the same result.

-2-

Reconsideration is only appropriate where controlling law has changed or new evidence has become available, or where reconsideration is necessary to correct a clear error or prevent manifest injustice. Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (citation and quotation omitted). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1345 (11th Cir. 2007) (citation and quotation omitted). Indeed, "a reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (internal citations omitted). Here, Liberty Mutual fails to offer newly available evidence; the controlling law has not changed; the Court finds no mistake, inadvertence, surprise, or excusable neglect; and there is no clear error or manifest injustice in the Court's Order or any other reason to justify the relief requested. Moreover, to the extent that the Court possesses greater discretion to amend its Order because it is non-final, Liberty Mutual failed to convince the Court that an alternate conclusion is appropriate.

The Court's prior Order addresses most of Liberty Mutual's arguments contained within the Motion. The Court writes only to highlight the prior Order's factual determination because that finding is fatal to Liberty's Mutual's request for alternative

relief in the form of certification for immediate appellate review pursuant to 28 U.S.C. § 1292.

For Liberty Mutual to appeal the non-final prior Order prior to the entry of final judgment, the undersigned "must certify in writing that one of its orders 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1253 (11th Cir. 2004) (quoting 28 U.S.C. § 1292(b)); see also Robinson v. Tanner, 798 F.2d 1378, 1380 (11th Cir. 1986) (holding that an order compelling a party to submit to deposition is generally "not an appealable final order"). The grant of an interlocutory appeal under section 1292(b) is reserved for "exceptional" cases. Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996).

Liberty Mutual claims

> The Court acknowledges that Asbury rejected UM coverage and [Liberty Mutual] accordingly agreed not to provide it. Despite this agreement between the parties to the insurance contract, Asbury must, nonetheless, pay for such coverage, because Asbury signed a written rejection after this accident. Even though the Court conceded that it was "undisputed" from the evidence that that Asbury did not want UM coverage, the Court later, curiously and vaguely, criticizes the evidence as being insufficient to prove that Asbury rejected such coverage (D.E. 75 at pp. 8-9).

Motion at 7-8.

The Court previously stated that Florida Statutes, "Section 627.717(1) unambiguously requires a waiver of UM coverage to be in writing before that waiver can be effective." Berman v. Liberty Mut. Ins. Co., 359 F. Supp. 3d 1158, 1161 (M.D. Fla. 2019). It is true that there is substantial room for differing opinions regarding the state of

Florida law and the ability of an insured to waive UM coverage orally or on a non-approved form. However, the Court also determined and explicitly stated that "while the record is that Asbury intended to waive UM benefits, the Court cannot find any evidence that Asbury actually waived (1) its rights to have any waiver in writing or (2) its right to UM coverage, orally or otherwise." Berman, 359 F. Supp. 3d at 1162-63. The Court's conclusion followed a meticulous review of the exhibits, which was complicated by Liberty Mutual's failure to provide specific citations for its factual assertions. Id. at 1162. While Liberty Mutual seeks to frame the Court's Order as one that is dependent on unsettled law, the Court's order determined that no timely waiver had occurred before the accident, regardless of the state of law. Thus, the Court's Order as it bears upon whether an insured's rights can be orally waived did not control the outcome and interlocutory appellate review pursuant to § 1292 is not appropriate.

Liberty Mutual also asks the Court to certify that review is appropriate consistent with Federal Rule of Civil Procedure 54. "Ordinarily [ ] an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). One exception is "when the district court properly certifies as 'final,' under Rule 54(b), a judgment on fewer than all claims or parties[]" and that there is "no 'just reason for delay' in certifying it as final and immediately appealable." Id. District courts are instructed to consider carefully, among other things, the impact of certifying partial judgments in light of "the historic federal policy against piecemeal appeals." Id. at 778; see also Barnett v. MacArthur, 715 F. App'x 894, 899 (11th Cir. 2017) ("The purpose of

the rule is to codify the historic practice of prohibiting piecemeal disposition of litigation and permitting appeals only from final judgments, except in the infrequent harsh case in which the district court properly makes the determinations contemplated by the rule.") (internal quotations omitted).

The Court questions the propriety of certifying the resulting partial judgment regarding UM coverage while a nearly identical count remains pending against Defendant Liberty Mutual Insurance Company. Moreover, the Court finds there is just reason for delay. The case, as it stands, will proceed by determining what, if any, injuries Plaintiff sustained as a result of the accident. If a jury were to determine that Plaintiff did not suffer injuries beyond those covered by the bodily insurance policy, the issue of UM coverage may be moot. Additionally, immediate appeal of the Court's order will delay this matter from going to trial, and should Plaintiff recover at trial, Plaintiff risks confronting another delay pending a second appeal.

Accordingly, after due consideration, it is

**ORDERED:**

1.  Defendant Liberty Mutual Fire Insurance Company's Motion for Reconsideration or, in the alternative, Motion to Certify the Judgment for Immediate Appellate Review (Doc. 77) is **DENIED**.

2.  The parties' Stipulated Motion to Amend Fourth Amended Case Management and Scheduling Order (Doc. 80) is **GRANTED**. An amended case management and scheduling order will enter.

**DONE** and **ORDERED** in Jacksonville, Florida this __14th__ day of May, 2019.

**BRIAN J. DAVIS**
United States District Judge

2
Copies furnished to:

Counsel of Record