UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:16-cv-00384-BJD-JBT

CHRISTOPHER ALAN BERMAN,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendants.

_____/

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 3.01, moves for summary judgment. In support, Liberty Mutual states:

**Introduction**

Liberty Mutual is entitled to summary judgment, because it did not issue the Policy in this case. Therefore, it cannot have liability for any uninsured/underinsured motorist ("UM/UIM") benefits owed to the Plaintiff, to the extent UM/UIM coverage exists under the Policy (which Liberty Mutual Fire Insurance Company continues to deny), and, consequently, it has no interest in the UM/UIM coverage/benefits action.[1] Liberty Mutual

---

[1] The policy at issue in this case is policy no. AV2-651-290229-021 issued to Asbury Automotive Group, Inc. ("Asbury") by Liberty Mutual Fire Insurance Company, effective from February 1, 2011 to February 1, 2012 (the "Policy").

has nothing to do with this case, other than being a separate but related company to its Co-Defendant in this case, Liberty Mutual Fire Insurance Company.[2] Liberty Mutual Fire Insurance Company, not Liberty Mutual, issued the Policy. As such Liberty Mutual is, effectively, a stranger to this action.

Despite Liberty Mutual asking Plaintiff to dimiss it from this case, he has steadfastly refused to do so. Notably, Plaintiff did not move for summary judgment against Liberty Mutual. Rather, he moved for summary judgment on his claim for declaratory relief against Liberty Mutual Fire Insurance Company only. Because Liberty Mutual did not issue the Policy, it is entitled to summary judgment on Plaintiff's claim for declaratory relief and his claim for UM/UIM benefits.[3] Accordingly, Liberty Mutual moves for summary judgment on Plaintiff's claim for declaratory relief and his claim for UM/UIM benefits.

**Statement of Undisputed Material Facts**

1. From the beginning of this case, starting with the Answer, Liberty Mutual Fire Insurance Company has consistently maintained that it was the only insurer that issued the Policy.[4] Liberty Mutual Fire Insurance Company is the only entity that issued the Policy, as

---

[2] Liberty Mutual and Liberty Mutual Fire Insurance Company's Certificate of Interested Persons and Corporate Disclosure Statement reveals that Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Insurance Company and 100% of the stock of Liberty Mutual Fire Insurance Company. *See* Doc. 16.

[3] The Complaint seeks declaratory relief against Liberty Mutual in Count 1 and brings a claim for UM/UIM benefits against Liberty Mutual in Count 3. *See* Doc. 2.

[4] Doc. 9 at ¶¶ 2, 31, 32, 61.

reflected in the various endorsements to the Policy: "Issued By: Liberty Mutual Fire Insurance Company."[5]

2. Correspondingly, Liberty Mutual has consistently denied that it issued the Policy.[6]

3. Liberty Mutual has also denied that it was involved with the Policy or the handling of this UM/UIM claim.[7]

4. Liberty Mutual has also asserted it is not a proper party in this case in the Fourth, Fifth, and Seventh Affirmative Defenses.[8]

5. Plaintiff has not disputed the authenticity of the Policy in this case. Indeed, Plaintiff filed the certified Policy as an exhibit in support of his Motion for Summary Judgment.[9]

6. Notably, Plaintiff moved for summary judgment on its claim for declaratory relief against Liberty Mutual Fire Insurance Company <u>only</u>.[10]

7. Likewise, <u>only</u> Liberty Mutual Fire Insurance Company responded in opposition to Plaintiff's Motion for Summary Judgment, and <u>only</u> Liberty Mutual Fire

---

[5] See Doc. 59-2 at pp. 40, 44, 45, 46, 49, 63, 66, 70, 72, 76, 77, 79, 81, 82, 83, 84, 85, 87, 88, 90, 99, 101, 104, 106, 108, 124, 127, 130, 133, 136, 138, 139, 145, 150, 154, 158, 160, 162, 165, 166, 167, 173, 186, 189, 190, 191, 196, 197, 199, 200, 207, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228, 230, 232, 235, 236, 238, 240, 242, 244, 247, 249, 250, 251, 252, 256, 257, 259, 261, 267, 268.

[6] Doc. 9 at ¶¶ 24, 28, 29, 62.

[7] Doc. 9 at ¶¶ 30, 62.

[8] *See* Doc. 9 at pp. 7-8.

[9] Doc. 46-2.

[10] *See* Doc. 44. Plaintiff's motion was entitled "Plaintiff's Motion for Summary Judgment on Declaratory Action Against Defendant, Liberty Mutual Fire Insurance Company."

Insurance Company filed a Cross Motion for Summary Judgment regarding Plaintiff's declaratory relief claim.[11]

8. Plaintiff acknowledged that Liberty Mutual Fire Insurance Company is the insurer in this case in his "Undisputed Facts" in support of his Motion for Summary Judgment on Declaratory Action Against Defendant, Liberty Mutual Fire Insurance Company.[12]

9. Accordingly, Liberty Mutual is not a proper party and does not belong in this case.

10. Undersigned counsel for Liberty Mutual has previously asked Plaintiff's counsel to dismiss Liberty Mutual from this case, but Plaintiff's counsel has refused to do so because he believes the Policy identifies both Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company.

11. Although there are references to "Liberty Mutual" in the policy documents, the language on the cover page of the Policy and in various other places throughout the Policy clears up any potential confusion where it states:

> Liberty Mutual is the marketing name for the property and casualty insurance operations of Liberty Mutual Group Inc. Products may be written in the following stock insurance company subsidiaries of Liberty Mutual Group Inc.:
>
> Liberty Mutual Insurance Company
> Liberty Mutual Fire Insurance Company
> Liberty Insurance Corporation
> LM Insurance Corporation
> The First Liberty Insurance Corporation

---

[11] *See* Doc. 59.

[12] Doc. 44, at p. 2, ¶ 5.

>> Liberty Insurance Company of America
>> Liberty Surplus Insurance Corporation
>> Liberty County Mutual Insurance Company
>> Wausau Business Insurance Company
>> Wausau General Insurance Company
>> Wausau Underwriters Insurance Company
>> Employers Insurance Company of Wausau

> Not all products and coverages are available in all companies or jurisdictions.[13]

12. Kathryn Cole, on behalf of Liberty Mutual Fire Insurance Company, testified in a declaration in this case, under penalty of perjury, that Liberty Mutual Fire Insurance Company underwrote the Policy.[14]

13. Brad Reese, a representative of the named insured, Asbury Automotive Group, Inc. ("Asbury"), signed a declaration confirming that Asbury purchased the Policy from Liberty Mutual Fire Insurance Company.[15]

14. Accordingly, Liberty Mutual moves for summary judgment on the declaratory relief claim and the claim for UM/UIM benefits, finding that it is not a party to the insurance contract and, therefore, owes no UM/UIM coverage or benefits under the Policy.

## **MEMORANDUM OF LAW**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits or declarations, show there are no genuine issues as to any material facts and that the moving party is entitled to judgment, as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v.*

---

[13] *See, e.g.,* Doc. 59-2 at pp. 39, 42, 47, 62, 65, 71, 78, 89, 100, and 105.

[14] Doc. 59-2, p. 1 at ¶ 6.

[15] *See* Doc. 59-1, at ¶ 5.

*Catrett,* 477 U.S. 317, 322 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact."  *Chartis Property & Casualty Co. v. Jassy*, No. 8:12-cv-20870-T-30MAP, 2013 WL 5921541, *2 (M.D. Fla. Nov. 4, 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  The substantive law applicable to the claimed causes of action will identify the material facts.  *Id.*  Throughout this analysis, the court must examine the evidence in light most favorable to the non-movant and draw all justifiable inferences in its favor.  *Id.*

Liberty Mutual is not a party to the insurance contract, and, therefore, it is not an interested party to be joined in this declaratory action, as there is no justiciable controversy, and Liberty Mutual has no possible liability for the claim for UM/UIM benefits.  Liberty Mutual Fire Insurance Company, not Liberty Mutual, issued the Policy to Asbury.  *See, e.g., Tristar Lodging, Inc., d/b/a Hampton Inn v. Arch Ins. Co.*, No. 6:05-CV-98-31DAB (M.D. Fla. Feb. 11, 2015) ((Doc. 16) dismissing similarly sounding, but separate insurance company, because defendant insurance company did not issue the subject policy).[16]  There is no insurance contract of any nature between Liberty Mutual and Asbury for purposes of this case.  The undisputed evidence shows, as a matter of law, that Liberty Mutual is entitled to summary judgment on the declaratory relief claim and the claim for UM/UIM benefits.

---

[16] The defendant's motion to dismiss in the *Tristar* case can be found at No. 6:06-CV-98-31DAB (Doc. 3), 2005 WL 452461 (M.D. Fla. Jan. 18, 2005).

The effect of summary judgment in favor of Liberty Mutual is it that will be dismissed from this case, because it did not issue the Policy and has no liability, whatsoever, for any UM/UIM benefits that might be owed to the Plaintiff.

## **Conclusion**

Liberty Mutual is entitled to summary judgment, because it did not issue the Policy in this case, and, therefore, it cannot have any liability for any UM/UIM coverage benefits, to the extent UM/UIM coverage exists under the Policy, and it has no interest in the UM/UIM coverage action, such that there is no justiciable controversy between it and the Plaintiff.

WHEREFORE, Liberty Mutual moves the Court for a summary judgment, declaring that it did not issue the Policy, has no potential liability for any UM/UIM coverage or benefits under the Policy, and is not a proper party in this case. Liberty Mutual also asks the Court to retain jurisdiction for fees and costs that it may be entitled to recoup in bringing this motion and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Ryan K. Hilton
J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
Butler Weihmuller Katz Craig LLP
Attorneys for Defendant Liberty Mutual Insurance Company
Butler Weihmuller Katz Craig LLP
400 N. Ashley Dr., Ste 2300
Tampa, FL 33602
Phone: 813-281-1900
Fax: 813-281-0900
Email: pcaceres@butler.legal
           rhilton@butler.legal

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Ryan K. Hilton
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
Attorney for Defendant Liberty Mutual Fire Insurance Company
Butler Weihmuller Katz Craig LLP
400 N. Ashley Dr., Ste. 2300
Tampa, FL 33602
Phone: 813-281-1900
Fax: 813-281-0900
Email: rhilton@butler.legal